**Leilla DAVIS, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 71-1487.**

United States Court of Appeals, Third Circuit.

Argued April 13, 1972.

Decided May 9, 1972.

Jonathan M. Stein, Community Legal Service, Philadelphia, Pa., for plaintiff-appellant.

Greer S. Goldman, Dept. of Justice, Civil Div., Washington, D. C., for defendant-appellee.

Before McLAUGHLIN, VAN DUSEN and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This appeal is from the decision of the district court which upheld the validity of the application by the Secretary of the doctrine of res judicata to the 1966 decision of the examiner.

Plaintiff originally filed for disability benefits on the basis of a heart condition and diabetes in 1959 at age 37. Her claim was denied initially and after reconsideration, because her purported illnesses did not meet the disability standard, viz. "so severely impaired as to be unable to do any substantial gainful work." She made second and third applications in 1961 and 1965, submitting practically the same facts. These included some medical evidence, but nothing which asserted that Miss Davis was *unable* to work. Accordingly the applications were denied.

Appellant was advised by the Board that to obtain benefits her disability

must have existed on or before June 30, 1962 which was when she had last met the earnings requirement. She was also told of her right to a hearing; that she could present additional evidence; and that she could bring her representative and witnesses if she did so within six months of that notice. Plaintiff requested such hearing and filled out the requisite form with the aid of a Social Security claims assistant. She did not have counsel, and with the representative checking off the appropriate boxes, she was deemed to have waived her right to appear and to give evidence. A decision was thus reached on February 28, 1966 on the same evidence which had been before the agency for some time, and it was once more decided that appellant was not suffering from such disability as the Social Security Act insisted in order to obtain benefits. She was notified of her right to appeal but failed to do so within the sixty day limit. Two years later, with no additional evidence, she attempted to appeal but the Appeals Council would not accept it, saying that she had failed to show *good cause* as defined in 20 C.F.R. 404.958, for filing beyond the sixty day limit. A fourth application for benefits was filed on May 27, 1968 with no new evidence and was therefore denied.

Finally, on October 15, 1968, plaintiff, represented by counsel, requested a hearing, claiming new evidence which should have been examined in order to obtain a correct decision. On January 23, 1969 the hearing was held. Here the examiner acknowledged that a psychosomatic basis to the illness would support a claim for disability payments, but only if supported by verified medical diagnosis. No new diagnosis of anything similar was offered in evidence other than plaintiff's own statements that she had experienced pain. The examiner concluded that the findings of the 1966 hearing stand as res judicata.

Plaintiff requested review by the Appeals Council, though she did not offer any further evidence. The Council on April 10, 1969 upheld the examiner, saying that his dismissal of the claim was proper and that the 1966 decision was dispositive. The district court action on June 6, 1969, followed. There plaintiff alleged that the 1966 decision was not res judicata because it denied plaintiff due process and equal protection under the Fifth Amendment, also of rights to a hearing under the Social Security Act, 42 U.S.C. § 405(b). It was further argued that there had been no knowing and intelligent waiver of appearance and that claimant had been denied the right to counsel. The district court dismissed all of those contentions on the above mentioned res judicata grounds. The latter, which govern the situation before us, are found in 20 C.F.R. 404.937 which reads:

"hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances: (a) *Res judicata.*—Where there has been a previous decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

■■ Appellant urges that the 1966 hearing did not rightly include the res judicata determination because at that hearing though she did not appear in person, she had no intention of waiving that right, and also because she was without counsel at the hearing, which factors she feels, prejudiced the eventual decision. However, "in the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand." Domozik v. Cohen, 413 F.2d 5, 9 (3 Cir. 1969). In the circumstances it is essential to determine whether or not there was gross prejudice or unfairness to Miss Davis as a result of the 1966 proceedings. It is apparent from

the record that she had no new evidence at this time that would have helped her to qualify as unable to work to the extent that would merit disability benefits. In this situation we should ascertain whether counsel acting in her behalf could have discovered and provided such testimony. We think that an accurate answer to this is to be found by checking the record of the 1969 hearing where appellant was represented by counsel and did personally appear. At that hearing she once more furnished insufficient proofs to justify disability benefits. No new acceptable evidence of a psychosomatic basis for her pain was shown. Obviously there was no clear prejudice in the 1966 hearing due to lack of counsel and faulty waiver of right to appearance since in the hearing where these handicaps were not present, the same result was necessarily reached. It is further indicated this should be accepted as a *final* decision since admittedly appellant not only failed to appeal within the sixty day limit but did not even attempt to do so until two years later. The result arrived at cannot be attributed to lack of counsel because no new evidence of any importance was ever introduced until after even the district court action. We are forced to the conclusion that the 1966 decision is res judicata of plaintiff's disability claim despite absence of a lawyer on her behalf or plaintiff's non-presence at that hearing. Those items in no way affected the agency ruling.

■ On the question of whether the Secretary's decision not to reopen subject to judicial review was sound, 42 U. S.C. § 405(g) as interpreted in Filice v. Celebrezze, 319 F.2d 443, 445 (9 Cir. 1963) states that Congress authorized judicial review only of orders of the Secretary "which make findings of fact and decisions as to rights of applicants for payment, or which affirm, modify or reverse such orders, and not orders which merely deny petitions to reopen proceedings in which such findings and decisions have been made." That finding,

with which we agree, points to precluding the courts from reviewing the Secretary's decision in this instance. However, in Cappadora v. Celebrezze, 356 F. 2d 1, 5 (2 Cir. 1966) it was ruled that there was not an absolute conclusion from 42 U.S.C. § 405(g) that an exercise of administrative power is wholly immune from judicial examination especially since § 10(e) of the A.P.A. expressly authorizes the courts to set aside any administrative decision constituting an abuse of discretion. As we see it that type of very limited review would not be inconsistent with the scheme of the Social Security Act, for the rule making power so conferred is not unlimited but must be necessary and appropriate for carrying out its purposes. It is not likely that Congress would have intended to close the doors of the courts to a plaintiff whose claims for benefits were unreasonably denied by truly arbitrary agency action.

■ Therefore, the final question we need to pass upon is whether the 1969 hearing examiner's decision was an abuse of discretion and not supported by substantial proof in the determination that the "new evidence" did not warrant reopening of the claim. The facts at hand show that under 20 C.F.R. 404.957 this matter could have been reopened for good cause within the four years following February 28, 1966. It was not until August 28, 1970 that the alleged newly discovered psycho-physiologic material was submitted. This was outside the four year limit and under 20 C.F.R. 404.957(c) good cause itself, such as additional evidence, was insufficient and existent fraud, clerical error, or error on the face of the evidence would be needed in order to obtain reconsideration under the circumstances. In this litigation the agency involved went beyond its statutory duty and did consider appellant's new evidence. Its conclusion was that under all the circumstances, claimant's evidence was insufficient to establish disability existing before or during the period which would have entitled her to

benefits. Plainly, there was no abuse of discretion and the Secretary's decision was supported by substantial evidence.

For these reasons we find that the district court judgment was well founded under the law as it currently exists. Said judgment will be affirmed.