Mister SANDERS, Plaintiff-Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–1069.

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1975.

Decided Sept. 12, 1975.

Rehearing Denied Dec. 12, 1975.

William A. Kowalski, East Chicago, Ind., for plaintiff-appellant.

Irving Jaffe, Acting Asst. Atty. Gen., Thomas Wilson, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., John R. Wilks, U. S. Atty., Fort Wayne, Ind., for defendant-appellee.

Before TUTTLE,* TONE and BAUER, Circuit Judges.

TUTTLE, Circuit Judge.

Mister Sanders appeals the order of the district court dismissing his complaint challenging the refusal of the Secretary of Health, Education and Welfare to reopen or reconsider a 1966 disallowance of his claim for Social Security benefits. The sole question which we consider on appeal is whether the district court had jurisdiction to review the Secretary's decision. We conclude that there was jurisdiction, and accordingly we reverse.

The plaintiff applied in 1964 for Social Security disability benefits claiming that he was disabled due to a mental impairment, and that this disability arose prior to the expiration of his insured status under the Act, 42 U.S.C. §§ 416(i), 423. This claim was denied.[1] A final agency order was entered. Judicial review of this order was not sought. The plaintiff made his second application in 1973, almost seven years after final agency action on his earlier application. This application was denied on the grounds of the prior determination's effect, *res judicata,* and the plaintiff's request for an administrative hearing and administrative review of this denial were similarly denied on the grounds of *res judicata.* Section 405(h) of the Act provides:

"The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

Under the Act, a claimant may seek judicial review of a final agency order denying disability benefits if the request for review is filed within sixty days. 42 U.S.C. § 405(g). Such review is limited to a determination whether there was substantial evidence to support the agency findings.[2]

Pursuant to his statutory authority, the Secretary has promulgated regulations which define the circumstances under which decisions become final and under which final decisions may be re-

---

* Honorable Elbert P. Tuttle, United States Circuit Judge, Fifth Circuit, sitting by designation.

1. We will not discuss the merits of the plaintiff's claim. As the Secretary failed to file a certified copy of the administrative record in the case below, the plaintiff has not had the opportunity fully to develop his case as to whether there was error on the face of the record. Counsel for plaintiff at oral argument, in response to our questions, stated several possible errors, and it is enough for the purposes of this appeal that the plaintiff's claim of error on the face of the record is not clearly without merit.

2. Section 405(g) provides in relevant part: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ."

opened.[3] 20 C.F.R. § 404.937 provides that the agency may dismiss a request for a hearing on the grounds of *res judicata*:

> "(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration hearing, or review or to commence a civil action with respect to such determination or decision."

The regulations also provide that a final adverse decision may be reopened within 12 months, and may be reopened after 12 months but within four years of the initial determination, upon a showing of "good cause"[4] which is defined in 20 C.F.R. §§ 404.958(a) and 404.957(c)(8). "Good cause" includes a showing of new and material facts, or "for the purpose of correcting clerical error or error on the face of the evidence on which [the] determination or decision was based."

Because the plaintiff failed to request that his application's denial be reopened within four years, the administrative law judge held that the Secretary's earlier adverse decision could only be reopened pursuant to 20 C.F.R. § 404.957(c)(8) for error on the face of the evidence, and that no such error on the face of the evidence had been shown.[5]

As we have noted, until shortly before oral argument in this case counsel for the plaintiff did not have a copy of the administrative record in the earlier adverse determination and was thus understandably limited in his ability to make a showing of error "on the face of the evidence." The question before us is whether the decision of the agency not to reopen the prior determination is reviewable for an abuse of discretion.

It seems quite clear that the Act itself does not expressly authorize such review. Section 405(h), the Secretary argues, precludes judicial review save as it is expressly authorized by the Act itself. Thus, the Secretary argues, the review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, are inapplicable. We disagree.

■ The circuits are divided on the question of whether section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, contains an independent grant of subject-matter jurisdiction, without regard to the amount in controversy. We choose to follow those circuits which hold that it does. See *Pickus v. United States Board of Parole,* 507 F.2d 1107 (D.C.Cir. 1974); *Bradley v. Weinberger,* 483 F.2d 410 (1st Cir. 1973); *Brennan v. Udall,* 379 F.2d 803 (10th Cir. 1967); *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856 (4th Cir. 1961); *cf. Brandt v. Hickel,* 427 F.2d 53, 55 n. 2 (9th Cir. 1970). See also Davis, *Administrative Law Treatise* § 23.02 (Supp.1970).[6] In particular, the Act au-

---

**3.** Section 405(a) gives the Secretary "full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of [Title II], which are necessary or appropriate to carry out such provisions."

**4.** 20 C.F.R. § 404.957(a) provides simply that an adverse determination may be reopened within 12 months of the initial determination; 20 C.F.R. § 404.957(b) provides for the longer four year period upon a showing of "good cause."

**5.** This regulatory maze has been aptly described as "a model of what regulations addressed mostly to laymen—or even to lawyers—ought

not to be." *Cappadora v. Celebrezze,* 356 F.2d 1, 3 n. 1 (2d Cir. 1966). 20 C.F.R. § 404.957(c)(8) permits reopening an adverse decision "[a]t any time" but only when "[s]uch . . . decision is unfavorable . . . to the party thereto but only for the purpose of correcting . . . error on the face of the evidence on which such . . . decision was based."

**6.** Contra: *Bramblett v. Desobry,* 490 F.2d 405 (6th Cir. 1974), *cert. denied,* 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974); *Zimmerman v. United States Government,* 422 F.2d 326 (3d Cir. 1970), *cert. denied,* 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565 (1970); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa*

thorizes judicial review of "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, except:

"to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

The circuits are likewise split on the question whether § 405(h) of the Social Security Act bars review under the APA. In our view the leading case of *Cappadora v. Celebrezze,* 356 F.2d 1 (2d Cir. 1966), was correctly decided, and in so holding we join the First, Third and Sixth Circuits. *Enrique Ruiz-Olan v. Secretary of HEW,* 511 F.2d 1056 (1st Cir. 1975); *Davis v. Richardson,* 460 F.2d 772 (3d Cir. 1972); *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972).[7]

Since *Cappadora* was decided in 1966 there has been an enormous expansion in the case law construing the non-reviewability provisions of the APA. The Supreme Court has held that there is virtually a presumption of judicial review of administrative action. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), unless a contrary purpose is fairly discernible in the statutory scheme, *Data Processing Service v. Camp,* 397 U.S. 150, 157, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Agency action is normally found to be nonre-

viewable "only upon a showing of 'clear and convincing evidence' of a contrary legislative intent." *Abbott Laboratories v. Gardner, supra,* 387 U.S. at 141, 87 S.Ct. at 1511. Clearly the absence of statutory language expressly authorizing judicial review is insufficient to offset the presumption that administrative action is reviewable. "Indeed, judicial review of such administrative action is the rule, and nonreviewability an exception which must be demonstrated." *Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970).

Without the benefit of this guidance from the Supreme Court, the Second Circuit found that the language of § 405(h) did not expressly preclude judicial review of the Secretary's refusal to reopen a determination:

"[We] do not believe that Congress would have wished to close the doors of the courts to a plaintiff whose claim for social security benefits was denied because of an unreasonable or inappropriate agency rule on reopening or because of a truly arbitrary administrative decision. . . . Absent any evidence to the contrary, Congress may rather be presumed to have intended that the courts should fulfill their traditional role of defining and maintaining the proper bounds of administrative discretion and safeguard-

---

Tribe, 370 F.2d 529 (8th Cir. 1967), but see *State Highway Commission of Missouri v. Volpe,* 479 F.2d 1099 (8th Cir. 1973). Rulings on the Second Circuit are inconclusive on the question. *Ove Gustavsson Contracting Co. v. Floete,* 278 F.2d 912, 914 (2d Cir. 1960), *cert. denied,* 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960), holds that section 10 of the Administrative Procedure Act does not independently confer federal jurisdiction. *Cappadora v. Celebrezze,* 356 F.2d 1, 5–6 (2d Cir. 1966), however, discussed in the text, *infra,* assumes that it does. See *Toilet Goods Ass'n v. Gardner,* 360 F.2d 677, 679 n. 1 (2d Cir. 1967), *aff'd,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). But compare *Wolff v. Selective Service Board,* 372 F.2d 817, 826 (2d Cir. 1967). And see *Mills v. Richardson,* 464 F.2d 995, 1001 n. 9 (2d Cir. 1972), stating that the question had not yet been determined in the Second Circuit. This confusion is recognized in *Aguayo v.*

*Richardson,* 473 F.2d 1090, 1101–1102 (2d Cir. 1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). As Judge Friendly observed in the latter opinion, judicial and academic writers differ on whether the Supreme Court has taken a position on this question in *Rusk v. Cort,* 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962), and *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

**7.** The Ninth and Tenth Circuits have held the contrary, that review is precluded by 42 U.S.C. § 405(h). *Stuckey v. Weinberger,* 488 F.2d 904 (9th Cir. 1973); *Wallace v. Weinberger,* 488 F.2d 606 (9th Cir. 1973) *cert. denied,* 417 U.S. 913, 94 S.Ct. 2612 (1974); *Neighbors v. Secretary of HEW,* 511 F.2d 80 (10th Cir. 1974). We note that the Ninth Circuit's *en banc* consideration of the question resulted in a sharply divided court.

ing the rights of the individual." *Cappadora, supra,* 356 F.2d at 6.

Following submission and oral argument the Supreme Court has decided *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The government, by supplemental brief, contends that this decision establishes the proposition that there can be no review in this case. We conclude that it does not. What, and all that, was before the Court in *Salfi* was whether a denial of benefits could be reviewed by a court proceeding under 28 U.S.C. § 1331. The Court held that the specific terms of § 405(h), "[n]o action against the United States, (or) the Secretary . . . shall be brought under [§§ 1331 *et seq.*] of Title 28 to recover on any claim . . . ." barred suit under § 1331. The Court did not consider the review provisions of the Administrative Procedure Act, however, as it found that review was proper under § 405(g) of the Act. The decision is thus inapposite to the case before us.

■ In our view the *Cappadora* court correctly construed the § 405(h) language forbidding judicial review "except as herein provided" to apply only to judicial review of final administrative orders on the merits of a claim:

> "Although it could be argued that the second sentence of § 405(h) of the Social Security Act is a statutory preclusion of such review [of a decision not to reopen what had become a final determination], the more reasonable construction is that this simply forbids attempts to review final decisions on the merits by any route other than that provided in § 405(g)." 356 F.2d at 5.

We further agree with *Cappadora* that the decision to reopen a determination has not been left to the unreviewable discretion of the agency. Accordingly the district court possessed jurisdiction under the Administrative Procedure Act to review the Secretary's refusal to reopen the plaintiff's adverse determination. We remand for consideration by the district court as to whether the Secretary abused his discretion in failing to reopen the determination.

Reversed and Remanded for further proceedings not inconsistent with this opinion.

BAUER, Circuit Judge (dissenting).

I feel compelled to dissent. It seems to me the simple language of the statute involved forbids judicial review of the decision of the Secretary not to reopen the determination. I would, therefore, affirm.