Joseph LEJEUNE, Plaintiff-Appellant,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–3578
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Aaron F. McGee, Eunice, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., Robert E. Kopp, Thomas G. Wilson, App. Sec., Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Joseph Lejeune brought this action in the district court seeking judicial review of both the denial by the Secretary of Health, Education and Welfare of Lejeune's application for disability benefits and the refusal by the Secretary to reopen that determination. The district court granted summary judgment in favor of the Secretary and we affirm.

Lejeune filed the application for benefits in 1969, and the claim was denied. At Lejeune's request, a hearing was held in 1970 before an Administrative Law

Judge, who determined that Lejeune was not disabled within the meaning of the Social Security Act. The notice of this decision advised Lejeune that he could request the Appeals Council to review the decision within 60 days and that if no request for review was filed, judicial review of the decision could not be obtained. He filed no request for review.

In 1973, Lejeune requested that the matter be reopened pursuant to 20 C.F.R. 404.957 on the ground of new medical evidence. The claimant was unable immediately to produce this new evidence, and the Administrative Law Judge concluded, after rereading the record, that the original decision should stand. In 1974, Lejeune's attorney submitted a letter from Dr. Bobby Deshotel, which stated:

Re: Mr. Joe Lejeune

I have been treating this patient for years. He has Chronic heart disease and a ruptured lumbar disc. Either of these diagnosis [sic] makes this patient disable [sic].

You may refer him to any specialist you wish and they will verify this.

The Administrative Law Judge considered this letter, but concluded that it did not change his decision that the matter should not be reopened. Upon request for review, the Appeals Council upheld the decision of the Administrative Law Judge and advised Lejeune that the 1970 decision remained in effect.

■ The district court did not discuss Lejeune's claim that the original denial of benefits was based on an erroneous determination of nondisability. This omission may have been based on an implicit finding which we now make explicit—the district court had no jurisdiction to consider this claim. 42 U.S.C. § 405(h) provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be

reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g) provides in part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

. . . . .

Section 405(h) limits the availability of judicial review of agency decisions reached after a hearing to the procedure spelled out in section 405(g). To secure judicial review under § 405(g), Lejeune should have requested review of the Administrative Law Judge's 1970 decision by the Appeals Council and, if that body decided adversely to him, he then should have commenced a civil action within sixty days of the mailing to him of notice of that final decision. *See* 20 CFR §§ 404.940, 404.945, 404.951. He did not follow these procedures, and so lost his opportunity for judicial review of the original adverse determination on eligibility.

■ The Secretary urges us to hold that the district court also lacked jurisdiction to review the 1974 refusal to reopen the determination. This argument is foreclosed by our recent decision in *Ortego v. Weinberger*, 5 Cir. 1975, 516 F.2d 1005, which held that a federal district court had jurisdiction under section 10 of the Administrative Procedure Act to review, for abuse of discretion, a refusal by the Secretary to reopen an application for social security benefits. *See also Sanders v. Weinberger*, 7 Cir. 1975, 522 F.2d 1167 (Tuttle, J.) (district court had jurisdiction, under APA, to re-

view for abuse of discretion a refusal to reopen a determination of ineligibility).

■ The Secretary admits that if *Ortego* is good law, it controls the jurisdictional question in the case before us. The Secretary's argument is that *Ortego* was incorrectly decided in light of *Weinberger v. Salfi*, 1975, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522, a Supreme Court decision handed down shortly before *Ortego*. This argument is unavailing—*Salfi* was considered by the *Ortego* panel, *see* 516 F.2d at 1011 n.4,[1] and we are bound by Ortego's construction of *Salfi*.[2]

The law of this Circuit, then, is that a federal district court can have jurisdiction under the Administrative Procedure Act to review, for abuse of discretion, a decision by the Secretary not to reopen a determination of ineligibility for Social Security benefits. The district court correctly applied the abuse of discretion standard to the facts of this case in the following manner:

The additional medical evidence offered, that being the May 24, 1974 report of Dr. Bobby Deshotel, is entirely cumulative. Both diagnoses (heart disease and ruptured lumbar disc) were previously set forth by Dr. Deshotel in his previous medical reports, as was his conclusion that plaintiff was disabled thereby. The May 24, 1974 report as well as the earlier reports were entirely conclusionary in their nature, and such conclusions are not controlling on the Secretary without clinical support. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973), *cert. denied*, 414 U.S. 913 [94 S.Ct. 255, 38 L.Ed.2d 155] (1973).

■ The Secretary did not abuse his discretion in refusing to reopen the determination.

The judgment of the district court is affirmed.

---

1. The effect of *Salfi* on this jurisdictional question was also considered in *Sanders v. Weinberger, supra*, 522 F.2d at 1171. The Secretary petitioned the *Ortego* panel for rehearing, presenting the same arguments based on *Salfi* which he now urges here. The petition was denied. 516 F.2d 1005 (5th Cir. 1975). These arguments were also presented to the Seventh Circuit in a petition for rehearing *en banc* in *Sanders*, which petition also was denied. 522 F.2d 1167 (7th Cir. 1975).

2. The Secretary argues that *Salfi* supports the proposition that judicial review of H.E.W. decisions in Social Security cases can be based only on § 405(g). *Salfi* held that a federal court had jurisdiction under § 405(g) to review the claim of named plaintiffs that a certain statutory restriction on eligibility was unconstitutional. The *Salfi* majority found, however, that the district court did not have jurisdiction over the claims of the unnamed class members. § 405(g) was unavailable, since the class members had filed no applications for benefits with the Secretary, and thus the Secretary had rendered no decision with respect to them which might be reviewed. 422 U.S. at 763–767, 95 S.Ct. at 2466–2467, 45 L.Ed.2d at 538. 28 U.S.C. § 1331, the jurisdictional base relied upon by the district court, is expressly negated as a possible source of jurisdiction by the third sentence of § 405(h), *supra*. 422 U.S. at 755–761, 95 S.Ct. at 2462–2464, 45 L.Ed.2d at 533–35.

Any language in the *Salfi* majority opinion which seems to characterize § 405(g) as an exclusive source of jurisdiction over Social Security cases must be read in the proper context. The claims over which review was sought in *Salfi* were ones which could be reviewed judicially, after proper procedures were followed within the agency, under § 405(g). Decisions of the Secretary which can be reviewed judicially under § 405(g) can be reviewed judicially *only* under § 405(g). § 405(g) affords no jurisdiction over the Secretary's refusal, without a hearing, to reopen on the basis of new evidence a determination of ineligibility. *Salfi* did not discuss decisions of this type, and, as stated in *Ortego, Salfi* "gave no consideration to review of 'final agency action' pursuant to the terms of Section 10 of the Administrative Procedure Act." 516 F.2d at 1011 n.4. *See also Sanders v. Weinberger, supra*, 522 F.2d at 1171. *Salfi* does not require us to hold that a refusal to reopen is a decision irretrievably committed to agency discretion. *Ortego*, decided after *Salfi*, requires us to hold otherwise.