**Joseph SCANLAN**

v.

**UNITED STATES SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

Civ. A. No. 75–3136.

United States District Court, E. D. Pennsylvania.

Nov. 9, 1976.

W. D. Hutchinson, Pottsville, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before this Court are cross-motions for summary judgment filed by the plaintiff and the defendant, respectively. Plaintiff instituted an action in this Court for benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 921, *et seq.*, after his claim was heard and denied by an Administrative Law Judge and by the Appeals Council of the Social Security Administration.

After a careful review of the administrative record, it is the opinion of this Court that the matter should be remanded to the Secretary for a rehearing. The purpose of such a rehearing will be to afford claimant an opportunity to have his presently-retained counsel argue the medical evidence which is in dispute. Specifically, X-ray evidence was presented by claimant's treating physician and other physicians indicating the presence of pneumoconiosis. Those X-rays were subsequently re-read by contract readers of the Social Security Administration and their findings indicated no pneumoconiosis and the Administrative Law Judge chose to accept the latter findings.

Under 20 C.F.R. § 410.490, criteria are established for the adjudication of claims filed prior to July 1, 1973. In that Section it is provided:

"* * * Such miner will be presumed to be totally disabled due to pneumoconiosis, * * *, if:

**314**

"(1) One of the following medical requirements is met:

(i) A chest roentgenogram (x-ray), biopsy, or autopsy which establishes the existence of pneumoconiosis * * *; or (ii) In the case of a miner employed for at least 15 years in underground or comparable coal mine employment, ventilatory studies establish the presence of a chronic respiratory or pulmonary disease * * *.

"(2) The impairment established in accordance with subparagraph (1) of this paragraph arose out of coal mine employment."

In the case sub judice, it is not contested that claimant had sufficient years of coal mine employment. The ultimate resolution of the case therefore revolves around the proper interpretation of the medical evidence and the testimony.

 The plaintiff was unrepresented before the ALJ. We recognize that, as a general principle of law, the failure to retain counsel at an administrative hearing does not of itself provide grounds for remand. *See e. g., Davis v. Richardson,* 460 F.2d 772, 774, 775 (3d Cir. 1972); *McNeil v. Weinberger,* C.A. No. 74–1775 (E.D.Pa. filed March 7, 1975) (VanArtsdalen, J.). However, under the circumstances that prevail in the case at bar, we are of the opinion that a proper interpretation of the medical evidence and a proper presentation of plaintiff's case necessitates the presence of his counsel.[1]

Moreover, we are concerned that the Secretary, having received an original X-ray reading favorable to the plaintiff, then proceeded to have the X-ray films re-read on successive and repeated occasions, obtaining negative readings in each instance, suggesting the possibility or at least the suspicion that the Secretary, unsatisfied with the original results, took less than an impartial attitude, and wittingly or unwittingly actively prepared a case against the plaintiff.

These circumstances compel us to remand for the reasons stated.

 Finally, the ALJ's decision indicates some confusion as to the proper burden of proof resting upon the plaintiff. In the *fifth* finding reference is made to "reasonable doubt"—an improper and excessive burden to impose upon the plaintiff in this non-criminal case.

In *Yanushefsky v. Mathews,* (E.D.Pa. 1976) 430 F.Supp. 29, the Court, faced with the similar application of the "reasonable doubt" test by the ALJ, said as follows:

"In his opinion the Secretary states:

" * * * To be entitled to black lung benefits the claimant must carry *the burden of proof establishing beyond a reasonable doubt* that he has pneumoconiosis under the applicable sections of Regulation 10 and the Act. (emphasis added). The Court finds that in evaluating the evidence the Secretary has applied an improper standard as a matter of law. Such a standard would make it nearly impossible for a claimant to establish entitlement to benefits. It would seem the standard is more appropriately described as a fair preponderance of the evidence test, even though on appeal, findings will not be disturbed if they are supported by something more than a 'scintilla' of the evidence."

The Court remanded the record for reconsideration in accordance with the proper test. We shall do likewise.

1. For example, Dr. Kattan, a certified reader, submitted a negative report of an X-ray film taken August 23, 1973, yet declared the same a "poor film" (R. 63). Did he observe a negative result because of the poor quality of the film? Significantly, the ALJ appears to have relied upon Dr. Kattan's report (R. 8) without reference to the poor quality of the film.