**Walter A. CERVONI, Plaintiff,**

v.

**UNITED STATES SECRETARY OF HEALTH, EDUCATION AND WELFARE, Cooperativa de Vida de Puerto Rico, Seguros de Servicio de Salud de Puerto Rico, Inc., Defendants.**

Civ. No. 75–159.

United States District Court,
D. Puerto Rico.

May 17, 1977.

Juan F. Esteves, Hato Rey, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendants.

## MEMORANDUM OPINION AND ORDER

PESQUERA, District Judge.

Plaintiff, a pathologist, filed the present action seeking money damages and injunctive relief from an administrative determi-

nation made by the Secretary of Health, Education and Welfare (the Secretary) transferring payment proceedings for services rendered under Part B of the Medicare Program, 42 U.S.C. § 1395j, et seq.[1] to Part A of the same (42 U.S.C. § 1395 et seq.).[2]

On March 22, 1977, this Court issued an order whereby we reached the conclusion that

"no jurisdiction is to be found in the aforementioned sections [invoked by plaintiff] . . ., unless plaintiff can demonstrate that he has been deprived of his property rights without constitutionally required procedural safeguards."

We further set a hearing wherein the parties were directed to address the constitutional issue. After carefully considering the arguments presented in said hearing together with additional memoranda submitted by the parties thereupon, we conclude that the instant action should be dismissed for lack of subject matter jurisdiction.

Plaintiff has asserted jurisdiction on alternate grounds, and particularly under 28 U.S.C. § 1331(a), 42 U.S.C. § 1395 et seq. and 5 U.S.C. §§ 701–706.

■ With respect to federal question jurisdiction, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 clearly held that 42 U.S.C. § 405(h), which applies to the Medicare Act, precludes the same. Moreover, the aforecited section forestalls all alternate jurisdictional sources for review excepting those provided by the Act itself. See 42 U.S.C. § 405(h). *Simoncelli v. Weinberger*, 418 F.Supp. 87; *Gallo v. Mathews*, 538 F.2d 1148. Finally, the more recent Supreme Court opinion in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 settled the matter concerning the Administrative Procedure Act by holding that said Act is not an independent source of jurisdiction. Said last case kept Section 405(g) of Title 42 open as a jurisdictional source for colorable constitutional claims. Nevertheless, plaintiff herein fell short from pleading a property right which would require procedural protection, thus failing to raise a substantial constitutional question.[3]

■ We are left with plaintiff's final argument, which states that the Administrator's decision that his services are not Part B services is subject to the fair hearing procedures required by 42 U.S.C. § 1395u and set forth in 20 CFR 405.801 et seq., and that we may enforce said review under 42 U.S.C. § 405(h). Section 1395u provides in part that a carrier (an administrator of Part B benefits under contract with the federal government):

"will establish and maintain procedures pursuant to which an individual enrolled under this part will be granted an opportunity for a fair hearing by the carrier, in any case where the amount in controversy is $100 or more, *when requests for payment under this part with respect to services furnished him are denied* or are not acted upon with reasonable promptness or when the amount of such payment is in controversy." (42 U.S.C. § 1395u(b)(3)(C), emphasis added)

The factual situation presented herein does not fall under the aforecited section. In April 1973, and after a meeting with plaintiff, the Secretary made a determination that plaintiff's services were not Part B services. Such determination was of a *general* nature, not referring to a specific request for payment; it merely notified plaintiff that, pursuant to an investigation effectuated by the Secretary, the bulk of plaintiff's services was found to be Part A, and thereupon plaintiff would be paid accordingly. This determination in no way precluded plaintiff from submitting further

---

1. Part B of the Medicare Program pays primarily on an item by item basis for physician services rendered to individuals enrolled under said Part B.

2. Remuneration under Part A is included in the hospital's statement of costs and the portion attributable to said Part is thus paid to the physician. ○

3. It is to be noted that during the course of this case, defendant offered to stipulate for a hearing before the Social Security Administration, which offer was rejected by plaintiff.

Part B claims. Should plaintiff, even after the Secretary's determination, make a claim for payment under Part B, and should said claim be denied or not acted upon expeditiously, plaintiff would have a right to the review proceedings established in 20 CFR 405.801 et seq. The same would hold true with respect to a disagreement over the amount of payment. In the instant situation, however, Section 1395u(b)(3)(C) of the Medicare Act is inapplicable.

Wherefore, in view of the aforementioned, the present action is hereby dismissed without costs. Judgment shall be entered accordingly.