**Adam SLONE, Plaintiff,**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–56.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

July 18, 1975.

Eugene Goss, Harlan, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., R. Michael Murphy, Asst. U. S. Atty., Eastern Dist. of Kentucky, Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

This is an action seeking judicial review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for "black lung" benefits under Part B. of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 901 *et seq.* The matter is before the Court upon defendant's motion to dismiss count 2 of the complaint or, in particular, that portion based upon the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and containing a request for a declaratory judgment.

Final decisions of the Secretary rendered under the "Black Lung Act" are amenable to judicial scrutiny in the same manner and to the same extent as those arising under Title II of the Social Security Act, 42 U.S.C. §§ 401–431. *Statzer v. Weinberger*, 383 F.Supp. 1258,

1261 (E.D.Ky.1974); 30 U.S.C. § 923 (b). Jurisdiction is found by reference therefore under 42 U.S.C. § 405(g). The crux of defendant's motion to dismiss is found, not in 42 U.S.C. § 405(g) but, rather, under the following section, 42 U.S.C. § 405(h). That section reads as follows:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this sub-chapter." [1]

[2] The United States Supreme Court has held in a fresh opinion, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (Decided June 26, 1975), that the above quoted language serves to foreclose all review of a final decision other than that granted by 405(g) under any jurisdictional basis found in Title 28 of the United States Code. However, the Court in *Salfi* did not touch the particular question as to the applicability of review under the APA. Although several circuits, including the Sixth, have held that review under the APA was available in some instances, *Woods v. Richardson*, 465 F.2d 739, 741 (6th Cir. 1972); *Maddox v. Richardson*, 464 F.2d 617 (6th Cir. 1972); *Davis v. Richardson*, 460 F.2d 772 (3rd Cir. 1972); *Cappadora v. Celebrezze*, 356 F.2d 1 (2nd Cir. 1966), but *contra, Stuckey v. Weinberger*, 488 F.2d 904 (9th Cir. 1973), the ruling in each case finding jurisdiction was predicated upon a fact situation where no other remedy in a court was available. In no instance has a court held the APA to be available to review the merits of a

final decision of the Secretary denying a claim for benefits. In fact, in *Maddox v. Richardson, supra,* the Sixth Circuit stated:

". . . We observe that 42 U.S.C. § 405(g) makes provision for judicial review of the merits of a claim following a final decision of the Secretary. The Administrative Procedure Act, on the other hand, makes provision for review under the limited criteria set forth in that Act. The provision applicable here limits review to final agency action for which there is no other adequate remedy in a court. . . ." 464 F.2d at 621

The United States, as the sovereign, is immune from suit save as it consents to be sued and the terms of that consent or waiver define a court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Bramblett v. Desobry*, 490 F.2d 405 (6th Cir. 1974). Every declaration of waiver of sovereign immunity must be strictly construed. *United States v. Sherwood, supra,* at 590, 61 S.Ct. 767; *Commonwealth of Kentucky ex rel. Hancock v. Ruckelshaus*, 497 F.2d 1172, 1177 (6th Cir. 1974). Although 5 U.S.C. § 704 does contain the language that agency actions which are reviewable include those made so by statute, it is apparent that such review is made available by the statute granting review such as 42 U.S.C. § 405(g)—not the APA. For that reason, it is clear that the APA does not confer jurisdiction on this Court to review the merits of the final decision in question. *Maddox v. Richardson, supra* at 621. This does not mean, however, that plaintiff's challenge to the validity of the certain regulations propounded by the Secretary or the issue of whether his decision was in accordance therewith will not be considered. Under the provisions of 42 U.S.C. § 405

---

1. The literal wording of this section bars actions under § 41 of Title 28. At the time § 405(h) was enacted, and prior to the 1948 recodification of Title 28, § 41 contained all of that title's grants of jurisdiction to the

district courts, save for several special purpose grants of no relevance here. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (Decided June 26, 1975).

(g), such matters may properly be dealt with during the course of judicial scrutiny.

Conversely, the Court cannot under 42 U.S.C. § 405(g) grant the declaratory relief sought by plaintiff. That section merely permits the Court to affirm, modify or reverse the final decision of the Secretary. It contains no suggestion that a reviewing court is empowered to grant any relief which reaches beyond the particular applicant before the Court. *Accord, Weinberger v. Salfi, supra,* 95 S.Ct. 2457. Futhermore, although 28 U.S.C. § 2201 provides for a declaratory judgment in a case and controversy within a court's jurisdiction, that jurisdiction here is clearly limited by statute and the relief which may be granted spelled out with particularity. Declaratory relief should not be granted where specific statutory relief has been fashioned. *Katzenbach v. McClung,* 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed. 2d 290 (1964).

Accordingly, the Secretary's motion to dismiss count 2 of the complaint herein shall be, and the same hereby, is sustained. Said count shall be, and the same hereby is, dismissed.