**Roosevelt M. WILLIAMS**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education & Welfare.**

**Mrs. Edith H. WATKINS**

v.

**David MATHEWS, Secretary of Health, Education & Welfare.**

**Civ. A. Nos. 73–207, 75–124.**

United States District Court,
M. D. Louisiana.

June 1, 1976.

Doris Falkenheiner, Asst. Director, Legal Aid Society of Baton Rouge, Baton Rouge, La., for plaintiffs, Roosevelt M. Williams and Mrs. Edith H. Watkins.

Douglas M. Gonzales, U. S. Atty., M. D. La., Robert S. Leake, Asst. U. S. Atty., M. D. La., Baton Rouge, La., for Secretary of Health, Ed. and Welfare.

E. GORDON WEST, District Judge.

Plaintiffs in these two cases, consolidated for the purpose of this opinion, seek judicial review of both the denial by the Secretary of Health, Education and Welfare of their applications for certain benefits under the Social Security Act and the refusal of the Secretary to reopen their cases for a redetermination of their claims. Both the plaintiffs and the defendants have filed motions for summary judgment, and it is those motions which are presently before the Court. The essential facts are not in dispute.

In the case of Roosevelt Williams, this plaintiff filed applications for periods of disability and for disability benefits in February, 1961, October, 1967, and in November, 1971. The first applications were denied, and plaintiff did not pursue his administrative appellate remedies. Following denial of his 1971 application, plaintiff appealed, requested and received a hearing before an administrative law judge, who decided that he was entitled to a period of disability and disability benefits. This decision was reversed by the Appeals Council. He then sued for judicial review under the provisions of the Social Security Act, 42 U.S.C. § 405(g). After suit was filed, the Appeals Council of the Social Security Administration, through the U. S. Attorney, moved to remand the suit to the Appeals Council for further administrative consideration of plaintiff's claim. A supplemental hearing was held following remand, and a recommended decision favorable to the plaintiff based upon new evidence was submitted by the administrative law judge. The Appeals Council rendered a decision on May 6, 1974, awarding plaintiff disability benefits on his 1967 and 1971 applications, based upon a finding of continuous disability from January, 1960.

The Appeals Council refused, however, to reopen the 1961 determination which was adverse to plaintiff because, under the provisions of 20 C.F.R. § 404.957(b), an initial determination may not be reopened where new evidence is received more than four years after notice of the initial determination is sent to a claimant. Here, new evidence of disability was submitted with plaintiff's 1971 application, which was within four years from the time notice of the adverse 1967 determination was sent, and thus, under 20 C.F.R. § 404.958(a), "good cause" existed to reopen the 1967 determination, but not the 1961 determination. Since, according to the provisions of 20 C.F.R. § 404.607(b), benefits can only be granted twelve months retroactive to the application, plaintiff was allowed disability benefits only from October, 1966, even though disability was found to have existed continuously from January, 1960.

The plaintiff, Roosevelt M. Williams, died on April 14, 1974, and his widow, Mrs. Beatrice Grimes Williams, was substituted as plaintiff in these proceedings. She then filed a supplemental and amending complaint alleging that the Secretary's refusal

to reopen the 1961 determination, and resulting non-allowance of disability benefits as far back as the beginning of her deceased husband's disability, constituted an abuse of discretion reviewable by this Court under 42 U.S.C. § 405(g).

In the case of Mrs. Edith H. Watkins, this plaintiff filed applications for widow's disability benefits in March, 1968, July, 1971, and September, 1972. The 1968 application was denied on July 19, 1968, and plaintiff did not further pursue her administrative appellate remedies. The 1971 application was denied initially on September 20, 1971, and again upon reconsideration. Plaintiff appealed, requested and received a hearing before an administrative law judge, who ruled that she was not entitled to a period of disability or disability benefits based upon her 1971 application. Her request for review of this decision by the Appeals Council was denied, and plaintiff took no further action.

Plaintiff's 1972 application was favorably ruled upon by the Social Security Administration on June 5, 1973, when she was informed that she met the disability requirements of the Act as of September 30, 1972. She then requested a hearing, after which an administrative law judge partially reversed the June 5, 1973 decision when he determined that the plaintiff had been disabled since October, 1966. Because the favorable ruling on her third application was based upon new evidence which was submitted within four years from the date notice of the initial determination on her 1971 application was mailed, "good cause" as defined in 20 C.F.R. § 404.958(a) existed to reopen the 1971 determination, pursuant to 20 C.F.R. § 404.957(b). Since more than four years had passed between the time notice of the 1968 adverse determination was mailed and the time the new evidence was submitted with her third application, the 1968 determination was not reopened. Again, because disability benefits can only be awarded twelve months retroactive to an application under 20 C.F.R. § 404.607(b), plaintiff was allowed benefits only from July, 1970, or one year prior to the filing of her second application, even though she was found to have been continuously disabled since October, 1966.

Plaintiff then filed her petition for judicial review, alleging that she was entitled to widow's disability benefits from March 1, 1967, and that the Secretary's refusal to reopen her 1968 application was an abuse of discretion, reviewable by this Court under 42 U.S.C. § 405(g), and under 5 U.S.C. § 701, et seq., the Administrative Procedure Act.

The threshold question is, of course, whether or not this Court has jurisdiction to review the decision of the Secretary not to reopen these cases.

Title 42 U.S.C. § 405(g) provides in part that:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

■ In *Ortego v. Weinberger*, 516 F.2d 1005 (CA 5—1975), the United States Court of Appeals for the Fifth Circuit stated that:

"[a]ll courts agree that the Social Security Act does not, by its terms, provide for judicial review of refusals to reopen." At p. 1007.

Accord: *LeJeune v. Matthews*, 526 F.2d 950 (CA 5—1976); *Sanders v. Weinberger*, 522 F.2d 1167 (CA 7—1975); *Cappadora v. Celebrezze*, 356 F.2d 1 (CA 2—1966); *Maddox v. Richardson*, 464 F.2d 617 (CA 6—1972); *Davis v. Richardson*, 460 F.2d 772 (CA 3—1972); *Stuckey v. Weinberger*, 488 F.2d 904 (CA 9—1973). Thus it has been uniformly held that Section 405(g) does not give a District Court jurisdiction to review a decision of the Secretary of Health, Education and Welfare not to reopen prior determinations of ineligibility for social security benefits.

■ But the Fifth Circuit Court of Appeals in *Ortego*, supra, held that even

though Section 405(g) does not give the Court such jurisdiction, a District Court does have jurisdiction under Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, to review, for abuse of discretion, refusals of the Secretary to reopen prior determinations by the Social Security Administration. In light of *Stuckey v. Weinberger*, 488 F.2d 904 (CA 9—1973), and *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), we must respectfully disagree.

We are reminded by counsel for plaintiffs that *Ortego v. Weinberger*, supra, represents "the law of the Fifth Circuit," by which they say we are bound. But as stated by this Court in *Thomas O. Morris v. The Texas and Pacific Railway Company*, 387 F.Supp. 1232 (M.D.La.—1975), laws enacted by Congress to have general application throughout the country simply cannot be sectionalized by the Courts. The Social Security Act and the Administrative Procedure Act are federal laws of general application, and they cannot, by court decree, have one meaning in one circuit and a different meaning in another circuit. The same Acts of Congress, intended to have general application, cannot confer jurisdiction on a district court in one circuit and not on a district court in another circuit. There is simply no such thing as "the law of the Fifth Circuit." The Acts in question are "the law of the land" and not the "law of the circuit." But as this Court said in *Morris* :

"As is often the case, however, the Appellate Courts in the various Circuits may differ both in their interpretation and in their application of the same law. Unfortunately, when this occurs, no one can be quite sure what the law really means until the differences between the Circuits have been resolved by the United States Supreme Court. When that resolution is finally made, there is no question but that all Courts, both at the district level and at the appellate level, are bound thereby. But until the ultimate resolution of the conflicting appellate decisions is made by the Supreme Court, it is the duty of the District Court to interpret and apply the law as it understands it to be after due consideration of all of the appellate decisions, from whatever Circuit they may have emanated. Prior to a final ruling by the Supreme Court, where there is conflict among the Circuits, the interpretation placed upon a Federal law of general application by one Circuit Court of Appeals is no more authoritative than that placed upon it by the Appellate Court of another Circuit. When a District Court is faced with conflicting opinions emanating from different Circuits, it is in a position not too unlike the situation it finds itself in when hearing a diversity case in which the State law involved has been interpreted differently by lower State Courts but never authoritatively interpreted by the highest Court of the State. In such a situation it is incumbent upon the Federal Court to apply the State law as it believes it would be applied by the highest Court of the State were it confronted with the same question. Similarly, where there are conflicting, but equally authoritative decisions emanating from different Federal Circuit Courts, it is incumbent upon the District Court to apply the law as it believes the United States Supreme Court would apply it were it presented with the same question for determination."

After careful consideration of the statutes in question, and of the various appellate decisions touching on the question of whether or not a District Court has jurisdiction to review a decision of the Secretary of Health, Education and Welfare not to reopen claims for social security benefits, this Court believes that the United States Supreme Court would be more apt to adopt the view expressed by the Ninth Circuit Court of Appeals, sitting en banc, in *Stuckey v. Weinberger*, supra, wherein the Court specifically held that a decision of the Secretary not to reopen a claim for social security benefits was not reviewable by a District Court under the Administrative Procedure Act, than the contrary view expressed by the Fifth Circuit Court of Appeals in *Ortego v. Weinberger*, supra. This Court believes that *Stuckey* more correctly

sets forth the views of the United States Supreme Court, as later expressed in *Weinberger v. Salfi*, supra, than does *Ortego*.

*Salfi*, decided two years after *Stuckey*, involved a purported class action brought under the federal question statute, 28 U.S.C. § 1331, challenging the constitutionality of the duration-of-relationship requirements of 42 U.S.C. § 416(c)(5), which define "widow" and "child" so as to exclude surviving wives and stepchildren who had their respective relationships to a deceased wage earner for less than nine months prior to his death. The Supreme Court reviewed the language of 42 U.S.C. § 405(h), which provides:

> "The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action shall be brought under section 41 [§ 1331] of Title 28 on any claim arising under this subchapter."

The Court ruled that § 405(h) precluded resort to "other sources" of jurisdiction for the adjudication of constitutional contentions and that the named appellees had to bring their constitutional claims under § 405(g).

> "This is because the *first two sentences* of § 405(h) . . . prevent review of decisions of the Secretary save as provided in the Act, which provision is made in § 405(g)." 95 S.Ct. at 2463 (Emphasis added.)

While it may be true, as suggested by the Fifth Circuit Court of Appeals in *Ortego* and *LeJeune*, that the Supreme Court in *Salfi* "gave no consideration to review of 'final agency action' pursuant to the terms of Section 10 of the Administrative Procedure Act," we would not ascribe such a limited meaning to the Supreme Court's reasoning in *Salfi*. In discussing § 405(h), the Supreme Court stated:

> "Its reach is not limited to decisions of the Secretary of law or fact. Rather, it extends to any 'action' seeking 'to recover

on any [Social Security] claim'—irrespective of whether resort to judicial processes is necessitated by discretionary decisions of the Secretary or by his non-discretionary application of allegedly unconstitutional statutory restrictions." 95 S.Ct. at 2465.

We take this to mean that anything which is judicially reviewable is only reviewable under § 405(g). We think it is significant that *Salfi*, coming two years after *Stuckey*, made no effort to overturn or distinguish that decision. We believe that *Salfi*, in effect, affirmed *Stuckey*, and by implication, at least, resolved whatever differences had existed between the Circuits. At that time, the Ninth Circuit, in *Stuckey*, had held that a District Court did not have authority to review a decision of the Secretary not to reopen for further determination a prior determination on a claim. The Second Circuit, in *Cappadora v. Celebrezze*, supra, had held to the contrary. *Salfi*, we believe, resolved these differences, and if it did not, we conclude that the United States Supreme Court would, if directly presented with the same conflict, hold as did the Ninth Circuit Court of Appeals in *Stuckey*. Since refusals to reopen have been held non-reviewable under Section 405(g), we conclude that judicial review of those decisions is foreclosed, since "other sources" of jurisdiction to consider such claims are unavailable. Refusals to reopen are thus effectively irretrievably committed to agency discretion, since the Secretary's decision whether to reopen or not is purely a matter of administrative grace.

For these reasons, the motions for summary judgment filed on behalf of the plaintiffs, Mrs. Bernice Grimes Williams and Mrs. Edith H. Watkins, will be denied, and the motions for summary judgment in each of these cases filed by the Government will be granted, and these suits will be dismissed for lack of jurisdiction. Judgment will be entered herein accordingly.