Berthe LETOURNEAU, on behalf of herself and all other persons similarly situated, Plaintiffs,

v.

F. David MATHEWS et al., Defendants.

No. 74 Civ. 5361.

United States District Court, S. D. New York.

Dec. 13, 1976.

**1014**

Kalman Finkel, attorney-in-charge, The Legal Aid Society, New York City, for plaintiffs by John E. Kirklin, Director of Litigation, John W. Corwin, Associate Appellate Atty., Janet M. Calvo, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendants by Frederick P. Schaffer, Asst. U. S. Atty., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Berthe Letourneau, a Canadian citizen who has worked in this country since 1944, became a permanent resident alien on October 24, 1967. From 1968 to 1972, she worked as a librarian for the French Embassy in New York City. During that period she reported her earnings, paid federal income tax, and paid Social Security self-employment tax.

On January 24, 1972, Letourneau applied to the Social Security Administration ("S.S. A.") for hospital insurance benefits, 42 U.S.C. §§ 426, 426a, and medical insurance benefits, 42 U.S.C. § 1395o. The request for hospital coverage was denied on the ground that plaintiff's earnings did not fall within the definition of "self-employment income" contained in 42 U.S.C. § 411(c)(2)(C) because she was not, as required by that section, a citizen of the United States. The medical coverage was granted because Section 1395o does not contain the same citizenship requirement. The plaintiff later applied for retirement insurance benefit and for reconsideration of the denial of hospital insurance. These claims were initially denied by the S.S.A. On March 26, 1974, an Administrative Law Judge affirmed the denials. The Appeals Council of the S.S.A. sustained the Administrative Law Judge's determination on October 8, 1974.

■ The action before me challenges these determinations as a denial of equal protection of the laws. *See Sugarman v. Dougall*, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973); *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971). Presently before this Court are motions for class action certification, or in the alternative discovery in aid of class certification, and for the convening of a three-judge court under 28 U.S.C. § 2282.[1] It is defendants' primary contention that 42 U.S.C. § 405(h) and the decision in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) precludes the granting of these motions.

In *Salfi*, the plaintiff brought a class action against the Secretary of Health Education and Welfare ("the Secretary") and various S.S.A. officials challenging a provi-

---

1. Since this action was commenced prior to August 12, 1976, the recent three-judge court amendments are not applicable. Pub.L. No. 94–381 § 7 (1976).

sion of the Social Security Act which excluded wives and stepchildren from the statutory definition of "widow" and "child" unless their relationship with the deceased was longer than nine months. It was argued that this duration-of-relationship test created an irrebuttable presumption in violation of the due process clause of the Fifth Amendment.

The district court concluded that it had federal question jurisdiction under 28 U.S.C. § 1331 and convened a three-judge court. The district court panel certified a class consisting of those otherwise eligible for benefits but were foreclosed by this duration-of-relationship requirement and granted summary judgment holding the requirement to be unconstitutional.

On appeal the Supreme Court ruled that the district court had erred in finding jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. The Court ruled that the subject matter jurisdiction of the district courts had been restricted by the enactment of 42 U.S.C. § 405(h):

> "The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover or any claim arising under this subchapter."

The Court noted that prior to 1948, Section 41 contained all of the Title 28 grants of jurisdiction except for several specialized grants of jurisdiction which are unrelated to the Social Security Act. 422 U.S. at 756 n. 3, 95 S.Ct. 2457.

The Court rejected arguments that Section 405(h) merely codified the exhaustion of remedies doctrine. It did rule, however, that there was jurisdiction under 42 U.S.C. § 405(g) over the claims of the named plaintiff because she had satisfied each require-

ment of that section. It provides in part as follows:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court . . . ."

■ The defendants have conceded, and it appears to this Court, that there is jurisdiction over the claims of Berthe Letourneau under Section 405(g). The claims of the proposed class members are in a different posture. The *Salfi* Court indicated that where jurisdiction lies solely under Section 405(g) class action certification is inappropriate because of the inability of class members to meet the exhaustion of remedies requirement:

> "As to class members, however, the complaint is deficient in that it contains no allegations that they have filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, review of which is sought. The class thus cannot satisfy the requirement for jurisdiction under 42 U.S.C. § 405(g). Other sources of jurisdiction being foreclosed by § 405(h), the District Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered an appropriate order of dismissal."

422 U.S. at 764, 95 S.Ct. at 2466. *See Patterson v. Mathews*, 413 F.Supp. 687, 692, (W.D.Pa.1976).

Since a class action cannot be maintained if the sole jurisdictional basis is Section 405(g), I am called upon to decide whether the action may be based on the alternative grounds suggested by the plaintiff, the Administrative Procedure Act ("A.P.A."), 5 U.S.C. § 702 *et seq.* or mandamus jurisdiction, 28 U.S.C. § 1361.[2]

---

2. These questions apparently remain open in light of *Mathews v. Eldridge*, 424 U.S. 319, 322 n. 12, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See*

*Simoncelli v. Weinberger*, 418 F.Supp. 87, 91 n. 5 (E.D.Pa.1976).

In a case decided shortly after *Salfi*, the Seventh Circuit concluded that the A.P.A. provides an independent basis for review of agency determinations and that such review is not foreclosed by Section 405(h). *Sanders v. Weinberger*, 522 F.2d 1167 (7th Cir. 1975), cert. granted, 426 U.S. 905, 96 S.Ct. 2225, 48 L.Ed.2d 829 (1976). In reaching that result substantial reliance was placed upon *Cappadora v. Celebrezze*, 356 F.2d 1 (2d Cir. 1966) which found that although the action could not be based upon Section 405(g), jurisdiction could be premised upon the A.P.A.

■ But *Cappadora* does not support the conclusion reached in *Sanders*. In *Cappadora* the court examined Section 405(g) and concluded that a decision by the Secretary not to reopen a case and grant a hearing is not a "final decision of the Secretary made after a hearing" and was, therefore, not reviewable under Section 405(g).[3] The court reasoned that Congress had not intended to foreclose review in cases where the Secretary may have abused his discretion in denying a hearing. The court harmonized the restrictions of Sections 405(g) and (h) with the provisions of the A.P.A. by holding that the A.P.A. provided jurisdiction to review an order denying a hearing but not to review a final decision after hearing.

"[W]e think it would be wholly unreasonable to read §§ 405(g) and (h) to 'preclude' review of an unlawful refusal of an initial hearing on the merits for which Congress provided and which if held, would result in an order reviewable under the statute . . . ."

A closer question is whether, apart from any claim of denial of a hearing required by statute, there is jurisdiction under the APA to review a decision not to reopen what had become a final and binding determination. Although it could be argued that the second sentence of § 405(h) of the Social Security Act is a statutory preclusion of such review, *the more reasonable construction is that this simply forbids attempts to review final decisions on the merits by any route other than that provided in § 405(g)."*

356 F.2d at 5 (emphasis added). Since the Court of Appeals for this Circuit has not followed the path chosen by other Circuits which have construed the A.P.A. to be a general grant of subject matter jurisdiction to review agency action,[4] the extent to which an administrative decision is reviewable under the A.P.A. is defined by the relevant case law. Under *Cappadora* and subsequent cases in this Circuit, there can be no review of the Secretary's order in the instant case because that order is final decision after hearing and clearly subject to Section 405(g) review. *See Kingsbrook Jewish Medical Center v. Richardson*, 486 F.2d 663, 668–69 (2d Cir. 1973); *Aquavella v. Richardson*, 437 F.2d 397, 400–04 (2d Cir. 1971).[5]

Other courts which have considered this question have reached the same conclusion that Section 405(h) forecloses A.P.A. review at least where there is jurisdiction under Section 405(g). *Simoncelli v. Weinberger*, 418 F.Supp. 87, 91 (E.D.Pa.1976); *Williams v. Weinberger*, 414 F.Supp. 463 (Md.La. 1976); *Ellison v. Mathews*, No. C75–497A (N.D.Ga. Nov. 7, 1975) (three-judge court); *Slone v. Weinberger*, 400 F.Supp. 891 (E.D. Ky.1975).[6]

---

3. The reasoning of the *Cappadora* court is based in part on the language of Section 10(c) of the A.P.A., 5 U.S.C. § 704, which provides that

"Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review."

4. *Aguayo v. Richardson*, 473 F.2d 1090 (2d Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974).

5. *See also St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir. 1976). *Cf. Gallo v. Mathews*, 538 F.2d 1148, 1151 (5th Cir. 1976) (review available under A.P.A. but only where "arguable arbitrary administrative action would otherwise go unremedied.")

6. In *Ellison* and *Slone* the courts concluded that the A.P.A. provisions merely incorporate the means of review provided for under the

■ The second claimed basis for jurisdiction over the class is the mandamus provisions, 28 U.S.C. § 1361. Plaintiff points to *Frost v. Weinberger*, 515 F.2d 57, 62 (2d Cir. 1975); *Thomas v. Weinberger*, 384 F.Supp. 540 (S.D.N.Y.1974); and *Lyons v. Weinberger*, 376 F.Supp. 248 (S.D.N.Y.1974) as supporting district court review of S.S.A. determinations under Section 1361. In each of these cases, the relief sought by the plaintiffs was a hearing before the S.S.A. It seems, therefore, that none of the plaintiffs could have satisfied the requirements for Section 405(g) review. Thus, the considerations presented in these cases are identical to those which prompted the *Cappadora* court to find jurisdiction under the A.P.A., namely, that Section 405(h) should not be a bar to any possible review of an agency denial of a hearing. Here, of course, that special circumstance is not present since review of the named plaintiff's claim is available under Section 405(g). Those courts which have considered the scope of mandamus in the light of *Salfi* have all, as far as I am aware, concluded that jurisdiction under Section 1361, as is true of Section 1331, is foreclosed by reason of Section 405(h). See *Ellison v. Mathews*, No. C75–497A (N.D.Ga. Nov. 7, 1975) (three-judge court); *Mansfield v. Weinberger*, 398 F.Supp. 965, 968 n. 10 (D.D.C.1975); *Sturgill v. Weinberger*, No. 75–283 (E.D.Ky. July 15, 1975); *Drope v. Weinberger*, No. 74–185 (D.Vt. Sept. 3, 1975) (three-judge court).

■ There is an additional reason why neither the A.P.A. nor Section 1361 may serve as a basis for jurisdiction over the class. The *Salfi* Court ruled that separate and apart from any bar presented by Section 405(h), the class could not be certified because of the failure of the individual members to meet the exhaustion of remedies requirement. 422 U.S. at 764, 95 S.Ct. at 2466. Even if this Court were to accept one of the alternative jurisdictional premises suggested by the plaintiff, the failure to exhaust administrative remedies would bar consideration of the class members' claims.[7]

■ The only remaining question is whether a three-judge court is required since the individual plaintiff's complaint seeks an injunction against the operation of those portions of the Social Security Act and Internal Revenue Code which she claims unlawfully discriminate against her. Although not necessary to its decision, the Court in *Salfi* noted that Section 405(g) "contains no suggestion that a reviewing court is empowered to enter an injunctive decree whose operation reaches beyond the particular applicants before the court." 422 U.S. at 763 n. 8, 95 S.Ct. at 2466. The foundation for this observation is the language of Section 405(g) which empowers the district court "to enter . . . a judgment affirming, modifying, or reversing the decision of the Secretary . . . ."

It appears to me that the Supreme Court, in the exercise of its supervisory role over lower federal courts and as a matter of statutory construction, has indicated that the equitable powers of a federal district court should not be used in Section 405(g) cases to affect the rights of non-parties. This Court, therefore, joins other district courts which have concluded that footnote 8 in *Salfi* precludes the convening of a three-judge court.[8] *See Webster v. Mathews*, 413 F.Supp. 687, 688 n. 4 (W.D.Pa.1976); *Mans-*

---

Social Security Act and are, therefore, directly limited by Section 405(h). Because of my view of the limitations of *Cappadora*, it is not necessary for me to reach the "incorporation" question.

**7.** For example, the legislative history of 28 U.S.C. § 1361 indicates that it no way affected the concept of exhaustion of administrative remedies. Sen.Rep. No. 1992 (Aug. 31, 1962), reprinted in [1962] U.S.Code Cong. & Ad.News, pp. 2784, 2787. *See Patterson v. Mathews*, 413 F.Supp. 687, 692 (W.D.Pa.1976).

**8.** Although *Jimenez v. Weinberger*, 523 F.2d 689, 693 (7th Cir. 1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204, 44 U.S. L.W. 3756 (June 29, 1976) appears to indicate a contrary view, the reasoning of that court was based on a case decided by the Supreme Court one year prior to *Salfi*. *See Jimenez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974).

*field v. Weinberger,* 398 F.Supp. 964 (D.D.C. July 29, 1975) (order dissolving three-judge court); *Slone v. Weinberger,* 400 F.Supp. 891, 894 (E.D.Ky.1975).[9]

The fact that class certification and injunctive relief against the operation of the statute are not available does not mean that this Court is without jurisdiction to remedy a proven deprivation of constitutional rights. If plaintiff is successful in establishing her entitlement, then appropriate recovery will be ordered in her case.

The motions for class certification or, in the alternative, for discovery in aid of class certification are denied. The motion for a three-judge court is also denied.

SO ORDERED.

9. The original filed opinions in *Mansfield* and *Slone* indicate that those courts relief on footnote 8 in *Salfi.*