**Joseph L. FEEKO**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 73–349.**

United States District Court,
E. D. Pennsylvania.

Oct. 3, 1973.

---

Thomas L. Kennedy, Hazleton, Pa., for plaintiff.

R. E. J. Curran, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On November 16, 1971, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff's claim was denied initially and upon reconsideration and on August 31, 1972, he filed a request for a hearing, which was scheduled for October 12, 1972. Upon his failure to appear at the initial hearing, the hearing was rescheduled for November 16, 1972. Several days later, plaintiff requested a postponement of the hearing on the ground that he was scheduled to appear at the final "Millionaire's Drawing" of the Pennsylvania State lottery. This request for a continuance, as well as two subsequent requests, were denied and plaintiff did not appear at the hearing as scheduled. On November 28, 1972, the Administrative Law Judge, upon a finding that the plaintiff's rea-

son for his non-appearance was unacceptable, issued an Order of Dismissal of Request for Hearing on the ground of abandonment pursuant to 20 C.F.R. § 404.936. The Appeals Counsel denied plaintiff's request for review and, thereafter, plaintiff commenced this action.

In plaintiff's complaint, which he denominates as an "appeal", jurisdiction is predicated on Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's claim, succinctly stated, is that the decision of the Administrative Law Judge was arbitrary and capricious, thus constituting an abuse of his discretion. Plaintiff seeks to have the decision of the Administrative Law Judge set aside and to have the case remanded for hearing. Before the Court at this time are plaintiff's motion for summary judgment and defendant's motion to dismiss the complaint. The grounds upon which defendant bases the motion to dismiss are that plaintiff failed to exhaust his administrative remedies and that the decision of the Secretary was not arbitrary and capricious.

Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), provides in pertinent part as follows:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *".

Thus, under a strictly literal reading of Section 205(g), three jurisdictional prerequisites must be satisfied before the Court may review a decision by the Secretary: (1) the civil action must be timely filed, i. e., it must be commenced within sixty days after the mailing to the claimant of the final decision of the Secretary or within such further time as the Secretary may allow; (2) the decision of the Secretary must be a final decision; and (3) the decision must have been made after a hearing to which the claimant was a party. In the instant case, defendant argues that since the hearing before the Administrative Law Judge was dismissed in this case, no "final decision" of the Secretary has been rendered and, accordingly, this case is not subject to judicial review pursuant to Section 205(g).

Thus, the initial question before the Court is whether the Appeals Council's denial of plaintiff's request for review of the dismissal by the Administrative Law Judge constitutes a "final decision" of the Secretary within the meaning of the Act and its applicable regulations. The Administrative Law Judge dismissed plaintiff's request for a hearing by reason of abandonment pursuant to 20 C.F.R. § 404.936. 20 C.F.R. § 404.937b, pertaining to the effect of a dismissal of a request for hearing, provides as follows:

> "The dismissal of a request for hearing shall be final and binding unless vacated. (see § 404.938)."

Section 404.938 is concerned with the procedure by which the Appeals Council may vacate the dismissal of a request for a hearing. In the instant case, however, the Appeals Council denied plaintiff's request for review, and in that respect 20 C.F.R. § 404.940 provides in pertinent part as follows:

> "If a party's request for review of the hearing examiner's decision is denied (see § 404.947) or is dismissed (see § 404.952), such decision shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States * * *".

Similarly, 202 C.F.R. § 404.951 provides that:

> "The decision of the Appeals Council, or the decision of the hearing examiner where the request for review of such decision is denied (see § 404.947, shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States * * *".

Thus, under the regulations applicable to a dismissal of a request for a hearing, the decision of the Administrative Law Judge constitutes a "final and binding" decision. To that extent, the Appeals Council itself notified plaintiff that

> "The Appeals Council has concluded that the dismissal action of the administrative law judge is correct. Accordingly, the determination dated April 3, 1972 stands as the final determination of the Secretary on your claim."

Plaintiff is now precluded from presenting his claim for hearing, and we, therefore, must conclude that a "final decision of the Secretary" within the purview of Section 205(g) has been rendered in this case.

■ The second jurisdictional barrier which plaintiff must overcome is the fact that no hearing was held in this case, rather plaintiff's request for a hearing was dismissed by the Administrative Law Judge. As previously mentioned, under a literal reading of Section 205(g), a claimant could seek judicial review of a final decision of the Secretary only after a hearing to which he was a party. *See* Hughes v. Finch, 432 F.2d 93 (4th Cir. 1970); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). The Courts of Appeals of the Second and Third Circuits have, however, declined to read Section 205(g) literally so as to preclude judicial review of a final decision of the Secretary absent a hearing. In Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972), the Court of Appeals for this Circuit stated:

> "[I]n Cappadora v. Celebrezze, 356 F. 2d 1, 5 (2d Cir. 1966) it was ruled that there was not an absolute conclusion from 42 U.S.C. § 405(g) that an exercise of administrative power is *wholly immune from judicial examination* especially since § 10(e) of the A. P.A. expressly authorizes the courts to set aside any administrative decision constituting an abuse of discretion. As we see it that type of very limited review would not be inconsistent with

the scheme of the Social Security Act, for the rule making power so conferred is not unlimited but must be necessary and appropriate for carrying out its purposes. It is not likely that Congress would have intended to close the doors of the courts to a plaintiff where claims for benefits were unreasonably denied by truly arbitrary agency action." 460 F.2d at 775.

The rationale of *Davis* is highly cogent in the circumstances of the instant case where a request for a hearing is dismissed by an Administrative Law Judge, for without the availability for judicial review of such a decision, the administrative agency could operate with unfettered discretion, thus giving rise to an occasion for its abuse. Accordingly, defendant's motion to dismiss the complaint will be denied.

The final question before the Court, therefore, is whether the decision of the Administrative Law Judge was so arbitrary and capricious as to constitute an abuse of discretion. The Administrative Law Judge dismissed plaintiff's request for a hearing on the ground of abandonment, pursuant to 20 C.F.R. § 404.936, which provides as follows:

> "With the approval of the hearing examiner, a request for hearing may also be dismissed upon its abandonment by the party or parties who filed it. *A party shall be deemed to have abandoned a request for hearing if neither the party nor his representative appears at the time and the place fixed for the hearing and either (a) prior to the time for hearing such party does not show good cause as to why neither he nor his representative can appear* or (b) within 10 days after mailing of a notice to him by the hearing examiner to show cause, such party does not show good cause for such failure to appear and failure to notify the hearing examiner prior to the time fixed for hearing that he cannot appear."

In order to adequately evaluate the decision of the Administrative Law Judge,

it is now necessary to review the facts and procedural history of the case. Plaintiff's application for disability insurance benefits was denied initially and upon reconsideration, and on August 12, 1972, plaintiff filed a request for a hearing. Thereafter, plaintiff received a notice of hearing from the Administrative Law Judge dated September 25, 1972, scheduling a hearing date on October 12, 1972. Upon plaintiff's failure to confirm the hearing date, an attempt to contact plaintiff was made to remind him of the hearing, and a message was left with his mother-in-law. On October 12, 1972, plaintiff failed to appear for his hearing and the Administrative Law Judge issued an order entitled, "Notice to Show Cause for Failure to Appear", which advised plaintiff that unless he gave a satisfactory reason for his absence at the scheduled hearing, his request for a hearing would be dismissed. By letter dated October 15, 1972, plaintiff responded, explaining that he took medication on the night before the hearing and completely forgot about it. He further explained that his mother-in-law, who was 76 years old, cannot write very well and often forgets messages. Finally, he requested "one more chance for a hearing at the earliest time". The Administrative Law Judge, apparently accepting plaintiff's proffered explanation, issued an amended notice of hearing dated October 26, 1972, rescheduling the hearing on November 16, 1972. According to the Administrative Law Judge, plaintiff agreed to the new date by a telephone conversation on the following day. Several days later, plaintiff telephoned to request a postponement of the hearing on the ground that he wanted to attend the final "Millionaire's Drawing" of the Pennsylvania State lottery. The Administrative Law Judge did not consider plaintiff's reason satisfactory and denied the request for a postponement. On November 6, plaintiff appeared in person at the hearing office, seeking an interview with the Administrative Law Judge who was conducting a hearing and, therefore, was unavailable. Plaintiff discussed his problem with a staff member without success, and on November 13, he wrote a letter in which he cited the rudeness of the judge's staff, suggested that political discrimination motivated the denial of his request for a continuance, and again requested a new date for the hearing. The plaintiff failed to appear for the hearing on November 16 and on November 28, the Administrative Law Judge issued an order for Dismissal of Request for Hearing, concluding:

> "The claimant has been given the second chance he requested and has decided that another matter had precedence over his disability hearing. In view of his decision, and his knowledge that the reason for his nonappearance was unacceptable to this administrative court, the request for hearing filed on August 31, 1972 is hereby dismissed. * * * "

On December 21, the Appeals Council determined that the dismissal action was correct and denied plaintiff's request for review.

Under 20 C.F.R. § 404.936, a party shall be deemed to have abandoned a request for a hearing if neither he nor his representative appears at the time and place fixed for the hearing and does not show good cause why neither he nor his representative can appear. Thus, the question before the Court is whether plaintiff's desire to attend the "Millionaire's Drawing" in Harrisburg constituted good cause for his non-attendance at the scheduled hearing. Taken in a vacuum, we must empathize with plaintiff in his desire to attend the lottery drawing and under ordinary circumstances, it would appear to be an entirely reasonable request to seek a continuance of his disability hearing. We must, however, view the decision of the Administrative Law Judge in the context of all the surrounding circumstances. Here, plaintiff failed to appear for his initial hearing and requested "one more chance" for a hearing. This request was granted and a second hearing date was agreed upon. Notwith-

standing plaintiff's knowledge that his reason for non-attendance was not acceptable to the administrative court, neither he nor his representative appeared at the hearing. Thus, in the light of plaintiff's failure to appear at the initial hearing and his failure to appear at the second hearing, despite notice that it would not be postponed, we cannot conclude that the decision of the Administrative Law Judge was so arbitrary and capricious as to constitute an abuse of discretion. Accordingly, plaintiff's motion for summary judgment will be denied. Insofar as one ground of defendant's motion to dismiss was that the decision of the Administrative Law Judge was not prejudicial, arbitrary or capricious, we will treat that aspect of the motion as a motion for summary judgment. Since there is no genuine issue of matterial fact, said motion will be granted.