Pablo PEREZ TORRES, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

Civ. No. 339–73.

United States District Court,
D. Puerto Rico.

March 31, 1977.

Rafael D. Molinary, Aguadilla, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

**2**

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the denial by the defendant, the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary) of his request to reopen a decision by the administrative law judge.

The issue in the case herein is whether this Court has jurisdiction under the provisions of the Act.

The record shows the following administrative procedures:

a) On January 12, 1972, a hearing decision was rendered by the administrative law judge, in which he denied plaintiff's claim. Together with the decision, plaintiff was notified of his right to request review before the Appeals Council within the prescribed period of 60 days, and was further advised that failure to comply with such administrative review would render him ineligible for judicial review under Section 205(g) of the Act.

b) On August 25, 1972, plaintiff filed a request for review by the Appeals Council. The request was dismissed by the Appeals Council on November 7, 1972, because plaintiff had failed to show good cause for filing the request beyond the sixty-day period. On February 2, 1973, the Appeals Council affirmed its decision.

Recent decisions by the Supreme Court[1] have construed Section 205(g) of the Act as the exclusive means of obtaining judicial review of the decisions made by the Secretary, and requiring: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, generally that of the plaintiff's residence or principal place of business.

The term "final decision" is one that is undefined by the Act, but that has been left to the Secretary to implement through the necessary and appropriate procedures and regulations. 42 U.S.C. § 405(a); *Weinberger v. Salfi, supra; Mathews v. Eldridge, supra.* Consequently, the opportunities that are afforded to the plaintiff to reopen a final decision by the Secretary are provided by the Secretary's regulations and not by the Act.

The Act and the regulations promulgated by the Secretary demand that, in order to obtain judicial review, a claimant should first exhaust the administrative remedies that are available to him. The doctrine of exhaustion of administrative remedies has been consistently recognized as applicable and necessary for the efficient and adequate functioning of agencies' processes. And in *Weinberger v. Salfi, supra*, 422 U.S. at 765, 95 S.Ct. 2457 it was specifically recognized that, in order to have the "final decision" that is required by Section 205(g) (to obtain judicial review), full exhaustion of internal procedures is necessary. Such exhaustion of administrative remedies has been interpreted as being a waivable element, but only by the Secretary when he determines that further review is not warranted or that the relief sought is not within his power. *Weinberger v. Salfi, supra;* and *Mathews v. Eldridge, supra.* The only exception being cases where claimant's interest in a prompt solution of his claim is so imminent and of such importance that deference to the Secretary's judgment as to waiver of the exhaustion requirement, is inappropriate. *Mathews v. Eldridge, supra*, 424 U.S. at 330, 96 S.Ct. 893. Definitely, the circumstances present in the instant case do not merit that the Secretary's refusal to waive the exhaustion requirement, be overruled.

Furthermore, it was recently decided in *Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. at 486, that:

---

1. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

"Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR 404.907." And such action by the Secretary is not to be reviewed under the Administrative Procedure Act (APA), 5 U.S.C. Section 701 et seq, which entitles persons aggrieved by federal agency action to judicial review thereof, because the APA is not an implied grant of subject-matter jurisdiction allowing federal judicial review of the Secretary's final decision not to reopen a claim for benefits. *Califano v. Sanders, supra.*

██ It is hereby decided that plaintiff's failure to exhaust the administrative remedies that are available under the Act and its regulations, precluded him from obtaining the "final decision" that is required by the Act to obtain judicial review from a determination by the Secretary. Therefore, it is ORDERED, ADJUDGED and DECREED that the instant case be and it is hereby dismissed for lack of jurisdiction.