Ethel G. WHITELOCK

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare.

Civ. A. No. 77–2524.

United States District Court, E. D. Pennsylvania.

April 17, 1978.

San S. Angell, Delaware County Legal Assistance, Chester, Pa., for plaintiff.

Robert N. De Luca, U. S. Atty., William J. Brady, Jr., Sp. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an appeal of a dismissal by an administrative law judge for failure to show "good cause" to file an untimely request for a hearing following a denial of claimant's application for disability benefits under Title II of the Social Security Act. The hearing request was filed almost three years after the denial of her claim and requested leave to file alleging hospitalization and illness and prior timely requests.

Claimant filed three applications for disability insurance pursuant to 20 C.F.R. § 404.905(c) all of which were denied initially and were likewise denied after reconsideration. 20 C.F.R. §§ 404.909, 910. The last of these denials was made on August 10, 1973. Each of the reconsideration determinations, 20 C.F.R. § 404.915, informed the claimant of the right to request a hearing pursuant to 20 C.F.R. § 404.917 within sixty days after the date of receipt of notice of the reconsideration determination. 20 C.F.R. § 404.918. However, no "Request for Hearing" was filed by the claimant until July 20, 1976, almost three years after the last denial. The Regulations provide that upon "good cause" shown, an untimely "Request for Hearing" shall be permitted. 20 C.F.R. § 404.954a. In the statement attached to her hearing request the claimant alleged, but did not support, numerous periods of hospitalization and allegations that she had made repeated timely requests for a hearing. The administrative law judge found that no "good cause" had been shown for the delay and dismissed the request for a late filing. The Appeals Council upheld the decision of the administrative law judge. Claimant filed the complaint in this Court pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) seeking an order reversing the ruling of the administrative law judge or remanding the matter for a de novo hear-

ing. Before the Court at this time are claimant's motion for summary judgment and defendant's motion to dismiss the complaint. Defendant bases its motion to dismiss on the ground that there was no "final decision of the Secretary made after a hearing" within the meaning of section 205(g) in that the claimant failed to request a timely hearing and the administrative law judge found no "good cause" for the delay.

Section 205(g) of the Social Security Act provides in pertinent part as follows:

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

For subject matter jurisdiction in the district court under section 405(g) to obtain judicial review of decisions made by the Secretary the statute requires the following: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, generally that of the claimant's residence. *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Perez Torres v. Secretary of HEW*, 440 F.Supp. 1, 2 (D.P.R.1977). It is not disputed here that this action was commenced within sixty days after the mailing to the claimant of the decision of the Secretary that the Appeals Council upheld the ruling of the administrative law judge and that this is the appropriate district court.

The sole question before this Court is whether there has been a decision by the Secretary which is "final" and "made after a hearing" within the meaning of section 205(g). It is clear that the action by the Appeals Council upholding the decision of the administrative law judge is a "final decision". *Langford v. Flemming*, 276 F.2d 215, 218 n.4 (5th Cir. 1960); *Feeko v. Weinberger*, 364 F.Supp. 740, 743 (E.D.Pa.1973); *Shields v. Folsom*, 153 F.Supp. 733, 734 (E.D.Pa.1956). The Regulations promulgated by the Secretary state that the effect of the Appeals Council's decision "shall be final and binding". 20 C.F.R. § 404.951. The Secretary contends, however, that section 205(g) mandates that a claimant is entitled to judicial review of a final decision only in those cases where there has been a hearing.

■ The narrow question then is whether the decision of the administrative law judge denying claimant's untimely request for a hearing on the ground that claimant failed to show "good cause" is reviewable by the district court. This Court finds that it does not have jurisdiction to review the decision of the Secretary under the circumstances presented in this case.

*Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), made it clear that section 205(g) of the Social Security Act does not authorize review of a final decision of the Secretary declining to reopen a claim for benefits, by stating

> Respondent contends that notwithstanding the above, the Social Security Act itself, specifically § 205(g), should be construed to authorize judicial review of a final decision of the Secretary not to reopen a claim of benefits. All Courts of Appeals that have considered this contention have rejected it. We also agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.
>
> \* \* \* \* \* \*
>
> This provision (section 205(g)) clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing". But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) . . . . (citations omitted).

430 U.S. at 107–08, 97 S.Ct. at 985.

■ Due regard must be given to the statutory scheme of the Social Security Act. *Weinberger v. Salfi, supra*, 422 U.S. at 765, 95 S.Ct. 2457. *Cf. Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Section 205(g) evidences a congressional intent to provide the district court limited jurisdiction to review administrative decisions of the Secretary. *Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. 980; *Humana of South Carolina, Inc. v. Mathews*, 419 F.Supp. 253, 257 (D.D.C.1976).

Some earlier decisions in our Third Circuit prior to *Sanders* interpreted section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, as conferring jurisdiction for the purpose of reviewing decisions of the Secretary where there has not been a "final decision of the Secretary made after a hearing". *Coulter v. Weinberger*, 527 F.2d 224, 228 (3d Cir. 1975); *Davis v. Richardson*, 460 F.2d 772, 775 (3d Cir. 1972); *Feeko v. Weinberger, supra*, 364 F.Supp. at 743. *Sanders* is explicit in holding that the Administrative Procedure Act does not "grant subject-matter jurisdiction permitting federal judicial review of agency action." 430 U.S. at 107, 97 S.Ct. at 985.

The complaint of the claimant asks this court to reverse the Secretary's determination that she lacked "good cause" as would permit her to file an untimely request for a hearing after a denial of her claim for benefits or, in the alternative, to remand for a hearing de novo on the merit of her claim. The complaint does not raise any constitutional questions. Therefore, as concluded in *Sanders*:

> This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds. Respondent seeks only an additional opportunity to establish that he

satisfies the Social Security Act's eligibility standards for disability benefits. Therefore, § 205(g) does not afford subject-matter jurisdiction in this case. 430 U.S. at 109, 97 S.Ct. at 986. Defendant's motion to dismiss for lack of subject matter jurisdiction shall be granted.